UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL LOPEZ,

    Plaintiff,

v.  :  CASE No. 8:11-CV-9-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

ORDER

THIS CAUSE came on for consideration upon Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 20) filed by counsel for the plaintiff on September 24, 2011. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $2,781.25 in fees.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits. This matter was remanded to the Social Security Administration by order of this court (Doc. 18). Judgment

was entered in favor of the plaintiff on June 29, 2011 (Doc. 19). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 20).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested a fee award in the amount of $2,839.64 (Doc. 20). This amount represents 8.5 hours of service before the court in 2010 and 2011 at an hourly rate of $181.87 by attorney Suzanne Harris (id., p. 5; 20-2) and 17.25 hours of service in 2011 at an hourly rate of $75.00 by paralegal Brenda Crocker (Doc. 20, p. 5).* The plaintiff represents that the defendant has no objection to the requested fee (Doc. 20, p. 2).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

---

*The applicant's memorandum indicates that attorney Harris worked on the plaintiff's case only in 2011 (Doc. 20). However, the itemization of hours attached to the memorandum includes hours of service expended by Harris in both 2010 and 2011 (Doc. 20-2).

As indicated, the applicant's request for attorney's fees includes time expended in 2011 by paralegal Crocker. Although a law school graduate, Crocker was not a licensed attorney at the time she worked on the plaintiff's case (Doc. 20, p. 2). Paralegal services are recoverable under the EAJA if the work performed is of a nature typically handled by an attorney. Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). In this case, the applicant failed to submit an itemization of Crocker's time with the motion for fees. That clearly renders the claim for Crocker's time problematic. However, in light of the defendant's lack of objection, that claim will be granted.

The claim of 25.75 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $181.87 per hour for work performed in 2010 and 2011 (Doc. 20, pp. 4-5). In the past, the Commissioner has not objected to such an adjustment, and no objection has been asserted here. Nevertheless, that request seems unreasonable under the circumstances.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour, which is unreasonably high.

In all events, the request for more than $178.00 per hour for services performed in 2010 and 2011 is patently beyond the bounds of reason. Thus, as I have previously emphasized, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case $181.87 per hour for services in 2010 and 2011, when $178.00 was the maximum rate for criminal defense lawyers defending capital cases. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an

administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for an hourly rate in excess of $178.00 for work done in 2010 and 2011 is rejected.

Rather, as I have already done in other cases making a similar request, I will apply a rate of $175.00 per hour for work performed during 2010 and 2011 by attorney Harris, although that is only three dollars per hour less than was paid for work defending capital cases those years. This minimal reduction is more than offset by the granting of fees for the paralegal's unsubstantiated work.

As for paralegal Crocker's hourly rate, the applicant requests $75.00 per hour for worked performed in 2011 (Doc. 20, p. 5). Paralegal time is "recoverable at prevailing market rates." Richlin Security Service Co. v. Chertoff, 553 U.S. 571, 581 (2008). The rate of $75.00 per hour appears reasonable for paralegal services in this locality. Further, the defendant has not asserted an objection. Thus, the work performed by Crocker during 2011 will be awarded at the requested rate.

For the foregoing reasons, Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 20) is hereby **GRANTED.** The plaintiff is hereby

awarded the amount of **$2,781.25** in attorney's fees to be paid by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 31st day of October, 2011.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE