UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL LOPEZ,

      Plaintiff,

v.                              CASE No. 8:11-CV-9-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

      Defendant.

_____

 O R D E R

      THIS CAUSE came on for consideration upon Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. 406(b) (Doc. 22), filed by counsel for the plaintiff. Having considered the Commissioner's response (Doc. 24), the petitioner's reply (Doc. 27), and the pertinent factors regarding an award of attorney's fees under 42 U.S.C. 406(b), the petitioner will be awarded $6,000.00 in attorney's fees, conditioned upon remitting to

_____

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

the plaintiff $2,781.25 received by the petitioner in this case pursuant to the Equal Access to Justice Act ("EAJA").

The petitioner represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. At the Commissioner's request (Doc. 17), the case was remanded to the Social Security Administration ("SSA") by Order of this court (Doc. 18). Judgment was entered accordingly (Doc. 19).

The petitioner filed an application for attorney's fees under the EAJA (Doc. 20). The court thereafter awarded an attorney's fee under the EAJA of $2,781.25 (Doc. 21).

After the remand, the defendant held further proceedings on this matter, and the plaintiff was awarded past-due benefits of $50,583.00 (see Doc. 22-4). Plaintiff's counsel then filed a petition for attorney's fees pursuant to §406(b) (Doc. 22).

The Social Security Act provides for the recovery of attorney's fees in the following terms (42 U.S.C. 406(b)(1)(A)):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the

> court may determine and allow as part of its
> judgment a reasonable fee for such representation,
> not in excess of 25 percent of the total of the past-
> due benefits to which the claimant is entitled by
> reason of such judgment....

Here, the petitioner seeks an award of attorney's fees in the amount of $8,781.25, representing 8.5 hours of service before the court (Doc. 22; Doc. 22-3, p. 2). In addition to fees under §406(b), the petitioner states that she is requesting an award of $6,645.75 from the SSA for her administrative services (Doc. 22, p. 3). The petitioner represents that, if she is successful with both of these fee petitions, her total fee award will equal twenty-five percent of the plaintiff's past-due benefits (id.).

The Commissioner does not raise any objection to the petitioner's entitlement to an award of fees under §406 (see Doc. 24). However, the Commissioner challenges the reasonableness of the amount requested by the petitioner.

A contingent fee agreement between an attorney and a Social Security claimant must not exceed twenty-five percent of the total past-due benefits awarded to a prevailing claimant. 42 U.S.C. 406(b)(1)(A). The United States Supreme Court has held that the burden is on the petitioner

attorney to demonstrate that the fee sought is reasonable in light of the contingency fee agreement. <u>Gisbrecht</u> v. <u>Barnhart</u>, 535 U.S. 789 (2002).

The claim of 8.5 hours for services performed in this case appears reasonable. Importantly, the Commissioner has not challenged that claim.

Twenty-five percent of the plaintiff's past-due benefits is $12,645.75. However, as the Commissioner points out (Doc. 24, p. 5), the SSA only withheld $6,000.00 for attorney's fees, $2,399.00 of which was paid to another attorney (Doc. 22-4, pp. 2-3).[2]

The amount of attorney's fees that the plaintiff's representatives are entitled to receive under §406, in the aggregate, is twenty-five percent of the plaintiff's past-due benefits. <u>See</u> <u>Dawson</u> v. <u>Finch</u>, 425 F.2d 1192, 1195 (5th Cir. 1970); <u>Paltan</u> v. <u>Commissioner of Social Security</u>, 2013 WL 1831906 (11th Cir. 2013); <u>Bookman</u> v. <u>Commissioner of Social Security</u>, 490 Fed. Appx. 314, 316 (11th Cir. 2012). Because the SSA previously paid $2,399.00 to another attorney, the petitioner may not charge the plaintiff more than

---

[2]The petitioner does not acknowledge the prior attorney's fee award of $2,399.00 in her petition or reply memorandum.

$10,246.75, which is the remainder of the twenty-five percent of the past-due benefits.

The petitioner acknowledges that a fee award under §406(b) must take into account the earlier award under the EAJA of $2,781.25 (see Doc. 22, p. 3). Thus, the EAJA includes a Savings Provision, which provides that, when a prevailing claimant recovers attorney's fees under both the EAJA and §406(b)(1), the claimant's attorney must refund to the claimant the smaller award. Jackson v. Commissioner of Social Security, 601 F.3d 1268, 1271 (11th Cir. 2010)(quoting 28 U.S.C. 2412 note, Act of Aug. 5, 1985, Pub.L. No. 99-80, §3, 99 Stat. 183, 186).

As the Eleventh Circuit recently held, the EAJA Savings Provision does not mandate a specific procedure for refunding the attorney's fee. Jackson v. Commissioner of Social Security, supra, 601 F.3d at 1272; Green v. Commissioner of Social Security, 390 Fed. Appx. 873, 874 (11th Cir. 2010). Thus, an attorney may effectuate the refund by (1) reducing her §406(b) fee request by the amount of the EAJA award, or (2) refunding to the plaintiff the smaller EAJA award and accepting the §406(b) award in full. Jackson v. Commissioner of Social Security, supra, 601 F.3d at 1273, 1274.

"Regardless of whether the attorney writes a refund check to h[er] client or deducts the amount of the EAJA award from h[er] §406(b) fee request, the purpose of the Savings Provision is fulfilled-the attorney does not get a double recovery." Id. at 1273.

Apparently attempting to obtain a net award of $6,000.00, the petitioner proposes that the court award her a §406(b) fee of $8,781.25, from which she will refund the EAJA fee of $2,781.25 (Doc. 22, p. 3). However, by requesting a §406(b) fee award of $8,781.25, the petitioner is actually seeking an award of $6,000.00 in addition to what she has previously received under the EAJA. Thus, she has previously been awarded (and I assume has gotten) $2,781.25. A further award of $8,781.25 would yield a total award of $11,562.50 under both the EAJA and §406(b). If she remitted the smaller award of $2,781.25 to the plaintiff, her award would be $8,781.25, not $6,000.00. Consequently, an award of $8,781.25 in §406(b) fees would result in an impermissible double recovery of the $2,781.25 EAJA award.

The thrust of the plaintiff's request appears to be for an award under §406(b) of $6,000.00. Thus, the petitioner represented that the remainder of the twenty-five percent of the plaintiff's past-due benefits, if she

succeeds with her request for administrative fees of $6,645.75, is $6,000.00 (see Doc. 22, p. 3). Whether the petitioner has, or will, receive such an award from the Commissioner is unknown. That seems doubtful since the total amount, plus the fees already paid to another attorney, will exceed twenty-five percent of the past-due benefits. Furthermore, the remaining balance held by the SSA for attorney's fees is only $3,601.00 (Doc. 24, p. 2). Under these circumstances, I am proceeding under the assumption that the amount requested from the Commissioner has not been fully awarded, and that the Commissioner will act appropriately to make sure that the total awards of attorney's fees do not exceed twenty-five percent of the past-due benefits. Accordingly, the petition for attorney's fees under §406(b) will be construed as a request for $6,000.00.

As indicated, the remaining balance held by the SSA for attorney's fees is $3,601.00. Thus, to the extent that the petitioner is successful with her fee petitions, there will be a shortfall between the amount of fees awarded to the petitioner and the remainder of the amount withheld by the SSA.

The Commissioner asserts that the SSA can distribute no more than the remaining balance of withheld past-due benefits, $3,601.00, to the petitioner as an attorney's fee award (id., p. 5).  Pointing to the SSA's Program Operations Manual System (POMS) § GN 03920.055, the Commissioner contends that the petitioner will need to collect any fees in addition to the amount withheld by the SSA directly from the plaintiff.[3]

In her reply, the petitioner argues that "the fact that the Defendant through inadvertence does not have sufficient funds withheld to pay the statutory fee is irrelevant to the Court's determination of what a proper fee should be in this case" (Doc. 27, p. 4).  Specifically, the petitioner asserts that (1) the court must approve her requested fee, regardless of whether she receives payment from the SSA or directly from the plaintiff and (2) the SSA has established a policy for the payment of attorney's fees when there is a shortfall between the amount of attorney's fees awarded and the amount withheld by the SSA.

---

[3]POMS § GN 03920.055(C) provides that, in the event the SSA fails to withhold the proper amount of past-due benefits, the representative is to contact the claimant directly for payment of the attorney's fees. The claimant will be advised that "if the claimant does not pay the representative the authorized fee, SSA will withhold from the claimant's future benefits to pay the representative's fee." POMS § GN 03920.055(D).

As the petitioner points out (id., pp. 3-4), district courts outside of this circuit have approved fee awards under §406(b) despite a shortfall in the amount withheld by the SSA for attorney's fees. Moreover, the plaintiff entered into a fee agreement to pay twenty-five percent of his past-due benefits to the petitioner as attorney's fees (Doc. 22-1). Therefore, the petitioner's requested award will not be reduced on the basis of the amount withheld by the SSA.

However, the approval of fees in this case does not authorize the payment of any amount by the SSA out of general funds. Thus, "[s]ection 406 cannot be construed as a waiver of immunity because it contemplates payment of the fee award by the claimant, out of past-due benefits, rather than by the government, out of general funds." Pittman v. Sullivan, 911 F.2d 42, 46 (8th Cir. 1990) (internal quotations omitted); see also In re Handel, 570 F.3d 140, 144 (3rd Cir. 2009). Therefore, to the extent that the petitioner is awarded §406 fees in excess of the amount withheld by the SSA, the petitioner will need to seek payment of those fees directly from the plaintiff.

Finally, the Commissioner argues that the amount requested by the petitioner, which she asserts "breaks down to a de facto hourly rate of

about $1,033.09," constitutes a windfall in light of the 8.5 hours of service expended by the petitioner in this case (Doc. 24, pp. 4-5).[4]  However, the hourly rate for an award of $6,000.00 is $705.88.[5]

Although the requested award is unquestionably high on its face, it cannot be said that the petitioner's effective hourly rate will be unreasonable. In the first place, the petitioner undertook a substantial risk of nonpayment for her work by representing the plaintiff on a contingency fee basis, so that in some circumstances it is appropriate to allow a multiplier. See Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 834-35 (Fla. 1990) (discussing the multiplier factors). Moreover, as a result of the shortfall in the amount withheld by the SSA and the potential need for the petitioner to seek payment of her attorney's fees directly from the plaintiff, the petitioner faces a greater risk of nonpayment in this case than in most contingency fee matters. Further, the EAJA award included 17.25 hours of paralegal time compensated at an hourly rate of $75.00 (Doc. 21), for which the petitioner

---

[4]The Commissioner calculated this figure by dividing the total §406(b) award sought by the petitioner ($8,781.25) by the hours expended by the petitioner (8.5).

[5]$6,000.00 divided by 8.5 hours.

-10-

is apparently not seeking payment under §406(b) (see Doc. 22). If that time is factored in, the hourly rate would be less. Finally, as indicated, the petitioner's ultimate fee award must be reduced to account for the payment of $2,399.00 to another attorney. Consequently, the circumstances of this case make it impossible to conclude that the ultimate effective hourly rate will constitute a windfall for the petitioner.

For the foregoing reasons, the petitioner will be awarded $6,000.00 in attorney's fees pursuant to 42 U.S.C. 406(b), conditioned, as she proposed, upon remitting the EAJA award of $2,781.25 to the plaintiff.[6] Furthermore, it is appropriate to assume that the Commissioner will ensure, when granting fees for the administrative work, that the total amount of attorney's fees does not exceed the statutory maximum.

---

[6]Thereafter, the onus is on plaintiff's counsel to refund the amount of the EAJA award to the plaintiff. See Jackson v. Commissioner of Social Security, supra, 601 F.3d at 1272 ("The obligation to make the refund is imposed on the attorney. There is no language in the Savings Provision that requires courts to take any action with respect to the refund.").

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this / 8th day of July,

2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE